UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CLIFTON C. JAMES, JR.                                    CIVIL ACTION


v.                                                       NO. 21-1861


AMERICAN SECURITY INSURANCE CO.                          SECTION F


ORDER & REASONS

Before the court is American Security Insurance Company's Rule 12(b)(6) motion to dismiss for failure to state a claim. For the reasons that follow, this motion is GRANTED and the case is dismissed with prejudice.

**Background**

This case is a breach of contract and bad faith case involving an insurance policy on a New Orleans house. In September of 2019, the house suffered significant water damage. The homeowner promptly reported the damage to the insurance company, which reviewed the damage but declined to tender any payment. The homeowner then had an inspector review the damage, who estimated the damage to the property at $53,518.90. Nonetheless, the insurance company once again declined to pay on the claim. As a result, the homeowner filed suit. The insurance company removed

1

on the basis of diversity jurisdiction and filed this motion to dismiss.

The insurance policy was purchased not by the plaintiff (nor his predecessor in interest)[1] but by the bank which possessed the mortgage on the property, JPMorgan Chase.  JPMorgan purchased the policy (and added its cost to the mortgage account) because the homeowner had not purchased insurance himself.  Consequently, the policy named JPMorgan as the named insured, with the homeowner listed only as a "Borrower" on the policy.  The policy took effect on January 1, 2019.

## Legal Standard

### A. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To demonstrate a facially plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the

---

[1] This suit was brought by Clifton C. James, Jr. as independent administrator of the succession of Genel Verdun James.  Ms. James passed away in 2011 and left the property in question to Mr. James and one Dane W. Verret as co-owners.

reasonable inference that the defendant is liable for the misconduct alleged." Id.  In determining whether a plaintiff has met this burden, a court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff," but must not accord an assumption of truth to conclusory allegations and threadbare assertions.  Thompson v. City of Waco, 764 F.3d 500, 502 (5 Cir. 2014).

The foregoing presumptions are not to be applied mindlessly, however.  Thus, in considering a motion to dismiss, the Court may review any documents attached to or incorporated into the plaintiff's complaint by reference.  Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5 Cir. 2004).  In addition, the Court may judicially notice matters of public record and other facts not subject to reasonable dispute.  See United States *ex rel.* Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5 Cir. 2003).

### B. Standing to Sue Under an Insurance Policy

"To state a claim under an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy."  Barbe v. Ocwen Loan Servicing, LLC, 383 F. Supp. 3d 634, 641 (E.D. La. 2019) (citations omitted).  The sole named insured in this contract is JPMorgan Chase.  Mr. James, or his predecessor in interest, must thus have been an intended third-party beneficiary in order to

state a claim.[2]  "The most basic requirement of a *stipulation pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof."  Joseph v. Hosp. Serv. Dist. No. 2, 939 So. 2d 1206, 1212 (La. 2006).  There are three key criteria in Louisiana law for determining whether such a stipulation exists in a contract: (1) the stipulation must be "manifestly clear;" (2) the benefit to the third party must be certain; and (3) the benefit may not be a "mere incident" of the contract.  Id.  Finally: "A stipulation pour autrui is never presumed. The party claiming the benefit bears the burden of proof."  Id.

### Analysis

At least as to the issues presented by this motion, the parties have no significant disputes as to the law or the facts. The single and simple question before the Court is whether the insurance policy "manifests a clear intention to benefit a third party," that is, the plaintiff.  Id.  The Court finds that it does not.

First, the contract states that any loss payment issued will be issued to the named insured.  See Policy, Conditions ¶ 12.  As

---

[2]  Louisiana Civil Code Art. 1978 provides in part that "A contracting party may stipulate a benefit for a third person called a third party beneficiary."  Such a stipulation is often called a "*stipulation pour autrui*" in the case law.

previously noted, the named insured is JPMorgan.  There is no language in the policy stating that any other party will be paid. The closest such language (and that on which Plaintiff hangs its case) is found in the provision for "Reasonable Repairs."  There, the policy states that, "[i]n the event that covered property is damaged by a Peril Insured Against, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage."  Policy, Other Coverages 3(a).  As the plaintiff correctly notes, an endorsement to the policy states that "you" in that phrase (and throughout the policy) is understood to mean "the financial institution as named insured and the borrower shown in the Declarations."  Residential Property Louisiana Replacement Cost Endorsement 1.  This means that reasonable costs incurred by either the bank or the borrower for measures taken solely to protect against further damage may be covered by the insurer.

However, the clause in the Reasonable Repairs provision contains no indirect object, leaving a question rather than a clear command: to whom is the payment to go?  The phrase states that the insurer will "pay the reasonable cost" but does not specify to whom that payment will go.  The Court returns, therefore, to the remainder of the contract for clarity as to whom any payment would go.  Once again, the only section of the contract detailing to whom payment is made states that "[l]oss will be made payable to

the named insured."  The Court therefore concludes that, no matter
who incurs the cost to repair, payment is likely intended to be
made to the named insured under the policy.

Certainly, payment to JPMorgan could be to the benefit of a
third party, such as the homeowner or a contractor.  It is possible
that the bank would account such payments towards the mortgage, or
that the bank would have an agreement with the homeowner to pay a
contractor, or so on.  However, to be relevant for the purposes of
contractual standing, such a benefit must be specifically
stipulated to, and there is no evidence of any such stipulation on
the record in this case.  Moreover, there is no "manifestly clear"
stipulation for the benefit of a third party in this insurance
policy, under which the homeowner is purporting to sue.  The
language of this policy is not altogether clear.  The standard
under Louisiana law for a *stipulation pour autrui* is that any such
stipulation must be both manifestly clear and certain.  Joseph,
939 So. 2d at 1212.  The Court finds that this benefit, if it does
exist, is neither clear nor certain.  The Court must conclude that
no *stipulation pour autrui* exists in this contract, and that the
plaintiff therefore has no contractual standing to sue for breach
of contract.

Finally, as the plaintiff cannot assert a valid claim under
the insurance policy, he cannot maintain a claim for bad faith.

See, e.g., Geovera Specialty Ins. Co. v. Joachin, 964 F.3d 390, 395 (5 Cir. 2020).  This too must fail.

**\*\*\***

Therefore, IT IS ORDERED: that the defendant's motion to dismiss is GRANTED and the case is dismissed with prejudice.[3]


New Orleans, Louisiana, December 7, 2021


_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] The plaintiff requests that, if the Court is inclined to grant the motion to dismiss, the Court first grant leave to amend the complaint to allege that "Plaintiff was uncompensated for costs he incurred to prevent further damage, and that Plaintiff has invoked appraisal per the Policy."  The Court declines.  As noted, the Court does not believe that the plaintiff is due direct reimbursement for preventative costs.  While the contract provides for the right to demand an appraisal, such a demand depends on "fail[ure] to agree on the amount of loss."  As the contract also provides that "[w]e will adjust all losses with the named insured," the homeowner has no right to agree or disagree with a loss amount, and so cannot take advantage of the subsidiary right to demand appraisal.  As neither of the plaintiff's suggested amendments would change the result on this motion, the Court dismisses with prejudice.